**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **NADEEM EHSAN, Individually, and as** | ) | |
| **Administrator of the Estate of** | ) | |
| **LAURA ANN SAILS-EHSAN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 06-2174-CM** |
| | ) | |
| **PRASHANT PATEL, D.D.S,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Nadeem Ehsan, brings this action individually and as the Administrator of the Estate of Laura Ann Sails-Ehsan.  Plaintiff brings a claim for loss of consortium in his individual capacity and a negligence claim on behalf of his wife's estate.  This matter is before the court on defendant's motion to dismiss the loss of consortium claim (Doc. 6) and plaintiff's motion for leave to file a First Amended Complaint (Doc. 10).

**I.      FACTUAL BACKGROUND**

On May 5, 2004, defendant performed dental work on plaintiff's wife, Laura Ann Sails-Ehsan.  Due to complications with the dental work, Ms. Sails-Ehsan had to have emergency dental surgery that day, which was performed by another doctor.  In July and August 2004, Ms. Sails had additional surgeries related to the dental work.  She also underwent neurological consultation for treatment of complications from the dental work.  Ms. Sails-Ehsan died on February 11, 2006.

**II.     STANDARDS FOR JUDGMENT**

Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."  *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

## III.   DISCUSSION

Defendant argues that plaintiff's loss of consortium claim should be dismissed because plaintiff is not the person who should be bringing suit.  Under Kansas law, a loss of consortium claim must be brought by the injured party, not the spouse of the injured party:

> Where, through the wrong of another, a married person shall sustain personal injuries causing the loss or impairment of his or her ability to perform services, the right of action to recover damages for such loss or impairment shall vest solely in such person, and any recovery therefor, so far as it is based upon the loss or impairment of his or her ability to perform services in the household and in the discharge of his or her domestic duties, shall be for the benefit of such person's spouse so far as he or she shall be entitled thereto.  Nothing herein shall in any way affect the right of the spouse to recover damages for the wrongful death of his or her spouse.

K.S.A. § 23-205.  Plaintiff admits that he mistakenly brought the loss of consortium claim in his individual capacity instead of on behalf on his wife's estate and requests leave to amend his complaint to assert the loss of consortium claim on behalf of Ms. Sails-Ehsan's estate.

Although defendant does not specifically argue that plaintiff is not the real party in interest, his argument falls under Fed. R. Civ. P. 17(a).  *See e.g., Classic Commc'ns, Inc. v. Rural Tel. Serv.*

-2-

*Co., Inc.*, 956 F. Supp. 910, 916 (D. Kan. 1997) (recognizing that the real party in interest defense can be raised as a motion to dismiss for failure to state claim by stating, in effect, that the motion should be granted because plaintiff is not the person who should be bringing suit).  Pursuant to Rule 17(a), "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest . . . ."  As explained by the Tenth Circuit, "[t]he purpose of (Rule 17(a)) is to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made.  Thus its main thrust is to allow a correction in parties after the statute of limitations has run, despite the valid objection that the original action was not brought by the real party in interest." *Garcia v. Hall*, 624 F.2d 150, 151 n.3 (10th Cir. 1980).

Plaintiff's failure to name the real party in interest was not a tactical decision, but an understandable mistake of law.  Defendant was put on notice of the loss of consortium claim and knew the real party in interest before the statute of limitations expired.  Plaintiff requested to substitute the real party in interest as soon as it learned of its mistake.  Furthermore, neither the factual allegations in the complaint nor the substantive issues in the case will substantially change. Under these circumstances, plaintiff should be permitted to amend his complaint as requested.  *See e.g., Scheufler v. Gen. Host Corp.*, 126 F.3d 1261 (10th Cir. 1997) (upholding joinder of real parties in interest under Rule 17 when the failure to include them as plaintiffs in the original complaint was the result of a mistake of law); *Metropolitan Paving Co. v. Int'l Union of Operating Eng'rs*, 439 F.2d 300, 306 (10th Cir. 1971) (upholding amendment adding real parties in interest as plaintiffs and holding that amendment related back to original filing even though the statute of limitations expired before the parties were substituted).

Defendant argues that Fed. R. Civ. P. 15(c)(3) prohibits plaintiff's proposed amendment from relating back to the original filing date.  Rule 17(a) provides that "substitution shall have the same effect as if the action had been commenced in the name of the real party in interest," which mandates that the substituted party's claim automatically relate back to the original filing date.  Fed. R. Civ. P. 17(a); *see also Scheufler*, 126 F.3d at 1270-71.  The court finds that plaintiff may substitute the real party in interest, Ms. Sails-Ehsan's estate, as the plaintiff for the loss of consortium claim and that the amendment relates back to the original filing date of this action.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Count II (Doc. 6) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File a First Amended Complaint (Doc. 10) is granted, and the Clerk shall file the attached Amended Complaint.

Dated this 13th day of February 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**

-4-